# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                              CRIMINAL ACTION NO. 5:07-cr-00006-01

DERRICK HARRIS,

       Defendant.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the pro-se letter-form *Motion* for a sentence reduction (Document 270), the counseled *Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 273), the *Response of the United States to Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 275), and the *Supplemental Response of the United States to Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 277). In addition to the parties' briefing, the Court has reviewed and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, opinion and judgment on appeal, and a memorandum submitted by the Probation Office. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a) and public safety.

The First Step Act of 2018 (FSA) made certain provisions of the Fair Sentencing Act of 2010 retroactive. The Fair Sentencing Act reduced the disparity in the treatment of cocaine powder and cocaine base, with the effect of increasing the quantity of cocaine base necessary to

trigger mandatory minimum sentences and reducing the sentencing ranges applicable under the Sentencing Guidelines for many crack cocaine offenses. Section 404(b) of the 2018 FSA permits courts to "impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194. Sentence reductions are not available if the sentence was previously reduced under the Fair Sentencing Act or if a First Step Act reduction was previously denied on the merits, and courts are not required to reduce any sentence even after finding a defendant eligible for a reduction. First Step Act § 404(c). The First Step Act does not specify the statutory mechanism for imposing reduced sentences. Judge Faber recently applied 18 U.S.C. § 3582(c)(1)(B), which permits courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute" and found that no plenary resentencing hearing is required. *United States v. Banks*, No. CR 1:07-00157, 2019 WL 2221620, at *4 (S.D.W. Va. May 22, 2019) (Faber, J.). This Court adopts the same procedure.

The Defendant, Derrick Harris, asserts that he is eligible for a reduced sentence under the First Step Act. He requests a sentence of time served. The United States concurs that he is eligible for a reduction and argues that the Court should limit its consideration to a reduced sentence within the newly calculated guideline range without conducting a full resentencing hearing. The United States also supports a reduction of the Defendant's term of supervised release to three years, the now-applicable statutory minimum.

On August 13, 2007, the Defendant pled guilty to possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). At the time he was convicted by guilty plea, he was subject to a statutory sentencing range of 5 years to 40 years. He

was sentenced as a career offender, with a final offense level of 31 and a Criminal History Category of VI resulting in a Guideline range of 188 to 235 months. On November 29, 2007, he was sentenced to 205 months in prison, followed by the mandatory four-year term of supervised release.

Under current law, the statutory sentencing range for the drug quantity Mr. Harris was charged with is zero to twenty years, with no mandatory minimum, followed by a term of supervised release of at least three years. He was found to be responsible for 77.46 grams of cocaine base, which now converts to 276.609 kilograms of marijuana equivalent, plus an additional 8.29 kilograms of marijuana equivalency in cocaine and marijuana, for a total of 284.9 kilograms of marijuana equivalency, resulting in a base offense level of 24. However, an offense level of 32 is applicable for a career offender convicted of an offense with a statutory maximum of twenty years.[1]  Mr. Harris received a three-level reduction for acceptance of responsibility, which brings the total offense level to 29. As a career offender, the Criminal History Category of VI remains applicable. That results in a sentencing range of 151 to 188 months.

He has been detained since December 6, 2006, and has served approximately 152 months, without accounting for good time credit. The Court finds that a sentence reduction to time served is appropriate in this case. Mr. Harris's original sentence fell in the middle of his then-applicable Guideline range. At the time he was sentenced, his drug quantity resulted in a base offense level of 32, and application of the career offender enhancement did not increase his total offense level.

---

1 The parties dispute whether Mr. Harris's prior convictions are career offender predicates under current law, and whether it is appropriate for the Court to address any change in his career offender status. Because the Court finds that Mr. Harris is eligible for a time-served sentence even if he remains a career offender, the Court declines to decide the issue and has calculated his Guideline range under the career offender provision. His range, given the reduction in drug equivalency and a reduced criminal history category, would be substantially lower absent application of the career offender guideline.

As a result of the Fair Sentencing Act and other changes in the law, the drug quantity involved in the offense now corresponds to a base offense level of 24. Mr. Harris has taken educational courses during his incarceration and is working to obtain his GED. His prison infractions relate to refusing work assignments on several occasions. The Court has also considered the nature of the offense, including the quantity of drugs, and Mr. Harris's history, which includes prior violent felonies that involved the use of firearms. The Court finds this sentence sufficient, yet not greater than necessary, to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a) and to effectuate the purposes of the FSA and the Fair Sentencing Act of 2010.

The Court finds, however, that the four-year term of supervised release originally imposed remains appropriate given Mr. Harris's history and lengthy term of incarceration. The term of supervised release will ensure that services are available to assist in his transition to a law-abiding lifestyle. It will also provide supervision to guard against any future offenses. Finally, in declining the opportunity to reduce the term of supervised release, the Court has considered the availability of future relief should Mr. Harris comply with all terms and conditions of supervision for a substantial period of the four-year term.

Having considered Mr. Harris's original and amended guideline ranges, the original sentencing materials, the memorandum from Probation, as well as the applicable sentencing factors, the Court **ORDERS** that the pro-se letter-form *Motion* for a sentence reduction (Document 270) and the counseled *Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 273) be **GRANTED** and that his sentence be **REDUCED** to **TIME SERVED**, to be followed by **four years** of supervised release under the terms and

conditions originally ordered.  The Court further **ORDERS** that the Defendant's release date be calculated within **SEVEN (7)** days of the entry of this Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:　　　August 6, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA